IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–01742–MDB

PAUL WHITE,

    Applicant,

v.

J. CHOATE,

    Respondent.

## ORDER

Before the Court is an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") filed by *pro se*[1] Applicant Paul White ["Applicant" or "Mr. White"]. (Doc. No. 1.) Respondent J. Choate ["Respondent"] filed a Response to Order to Show Cause. (Doc. No. 23 at 1.) Applicant was given an opportunity to file a Reply, but he failed to do so within the time allowed. For the following reasons, the Court **ORDERS** that the Application be **DENIED** as moot.

### SUMMARY FOR *PRO SE* PLAINTIFF

The Court has determined that your Application must be dismissed. The law requires you to show there is an ongoing injury despite your removal to Jamaica, but you have not shown that.

---

[1] The Court must construe the Application liberally because Applicant is not represented by an attorney. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 F.3d 855, 864 n.1 (10th Cir. 2019). However, the Court should not be an advocate for him, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Applicant as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008).

1

Although there are some exceptions that could allow for your case to continue even after your release from custody, none of the exceptions apply here. Therefore, the Court must dismiss the case. This is only a high-level summary of the Court's decision. The actual decision and reasoning are set forth below.

## ANALYSIS

Mr. White filed his Application on July 10, 2023, while detained by United States Immigration and Customs Enforcement ("ICE") officials in Aurora, Colorado. (Doc. No. 1 at 2.) However, he was removed to Jamaica on October 26, 2023. (Doc. No. 28 at 2.) The Court therefore considers whether the Application should be dismissed as moot, in light of Mr. White's release by virtue of removal.

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the fact that an applicant is no longer in custody "does not automatically moot [his] [application] because he was in custody at the time of filing." *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002). If an applicant is released from custody after the application was filed, the question is whether the application continues to present the Court with a case or controversy as required under Article III, § 2, of the U.S. Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Arthur v. Mukasey*, No. 09-cv-00059-MSK-KMT, 2010 WL 234936 at *3 (D. Colo. Jan. 19, 2010). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" *Hagos v. Raemisch*, 811 F.3d 363, 367 (10th Cir. 2015) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). It is "not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *Lucero v. McKune*, 340 F. App'x 442, 443 (10th Cir.2009) (quotation omitted).

Where a habeas applicant has been released from custody, the habeas application must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies: (1) plaintiff continues to have secondary or collateral injuries even after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) the action is a properly certified class action suit. *Riley*, 310 F.3d at 1257.

The Court finds Mr. White's Application is moot because he was removed to Jamaica on October 26, 2023. (Doc. No. 28 at 2.) In other words, there is no ongoing case or controversy within the meaning of Article III of the U.S. Constitution. *See Riley*, 310 F.3d at 1256; *Singh v. Choate*, No. 19-cv-1876-WJM, 2020 WL 108666, at \*\*1-3 (D. Colo. Jan. 9, 2020) (denying as moot habeas application challenging detention where petitioner was released from ICE custody upon removal to home country).

Moreover, Mr. White has not satisfied any of the applicable exceptions to the mootness doctrine. The first exception is not implicated because Applicant has not provided any information indicating that he suffers secondary or collateral injuries resulting from his former detention. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (rejecting applicant's argument of collateral consequences because his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention"). The second exception does not apply because Mr. White has failed to demonstrate that the alleged injury will be repeated. Thus, "any concern that Applicant might be detained again for a prolonged period of time [would be] based on speculation and therefore fails to satisfy the requirements of Article III." *Singh*, 2020 WL 108666, at \*3. The third exception does not apply because there is no indication in any of the submissions to this Court that Respondent released Applicant with the

intention of later revoking that release, simply to evade review. *Patrick v. Gonzales*, No. 07-cv-00470-MSK-MJW, 2008 WL496288, at *1 (D. Colo. 2008). Finally, the fourth exception does not apply because this is not a class action. *Riley,* 310 F.3d at 1257.

For the reasons set forth above, the Court **ORDERS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DENIED** as **MOOT** and the action is **DISMISSED WITHOUT PREJUDICE**.

Dated: November 30, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge